IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>BREITENBUSH HOT SPRINGS & CONFERENCE CENTER, an Oregon corporation,<br><br>Defendant. | Civ. No. 04-6139-HO<br><br>Order |

The insurer's complaint includes claims for recision of an insurance contract and declaratory judgment based on defendant insured's alleged misrepresentation that there is no swimming pool on the insured property. Defendant moves for summary judgment against the complaint, and on its counterclaim for declaratory judgment and attorney's fees and costs. The court previously denied plaintiff's motion for summary judgment.

## Undisputed Facts

On or about October 1, 2003, plaintiff issued an insurance policy to defendant. Defendant's application was not attached to

the policy when issued. The words "HOTELS/MOTELS-NO-POOLS-LESS 4 STORIES" appear on the schedule of hazards portion of the application, and in the general information portion of the application, a box for "no" is checked next to the question "Is there a swimming pool on the premises?" Comp., Ex. A at 8-9. The Commercial General Liability Declarations portion of the policy contains the classification information "Hotels and Motels - Without Pools or Beaches Less Than Four Stories.*" Comp., Ex. B. at 2. The Common Policy Conditions provide in part,

> REPRESENTATIONS
> By accepting this Policy, you agree:
> A. The statements in the Declarations are accurate and complete;
> B. Those statements are based upon representations you made to us; and
> C. We have issued the Policy in reliance upon your representations.

Comp., Ex. B at 23-24.

More than six months have passed since plaintiff informed defendant it was rescinding the insurance policy.

### Plaintiff's Additional Facts

According to plaintiff, the effect of the policy declarations and common policy conditions is that defendant represented its business to plaintiff as "Hotels and Motels - Without Pools or Beaches - Less Than Four Stories." Plaintiff further contends that defendant has not alleged a right to attorney fees in any pleading, and that no claim has been made to defendant or plaintiff for injuries allegedly sustained by any

2 - ORDER

individual at defendant's pool.

## Discussion

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

I. Recision

Defendant argues that it is entitled to summary judgment on plaintiff's claims for rescission and declaratory judgment and its counterclaim for declaratory judgment because recision is precluded, and evidence of defendant's alleged misrepresentations may not be admitted, as a matter of law. Plaintiff responds that the policy memorializes plaintiff's misrepresentations, the policy is admissible to prove plaintiff's misrepresentations, and the court has previously held that disputed issues of material fact exist regarding its rescission claim. Defendant replies that to the extent the policy memorializes defendant's statements, plaintiff has admitted the truth of such statements.

Section 742.013(1) of the Oregon Revised Statutes limits the circumstances under which an insurer may rescind the insurance contract. Seidel v. Time Ins. Co., 970 P.2d 255, 258 (Or.App. 1998). The statute provides,

> Misrepresentations, omissions, concealments of facts and incorrect statements shall not prevent a recovery under the policy unless the misrepresentations, omissions, concealments of fact and incorrect statements:
> (a) Are contained in a written application for the

3 - ORDER

> insurance policy, and a copy of the application is
> indorsed upon or attached to the insurance policy when
> issued;
> (b) Are shown by the insurer to be material, and the
> insurer also shows reliance thereon; and
> (c) Are either:
> (A) Fraudulent; or
> (B) Material either to the acceptance of the risk or to
> the hazard assumed by the insurer.

Or.Rev.Stat. § 742.013(1). The purpose of Section 742.013(1)(a) is to ensure a writing to avoid problems of proof, and to provide the insured with all information upon which the insurer relied in issuing the policy, that is, the entire agreement of the parties. Ives v. Ina Life Ins. Co., 790 P.2d 1206, 1208 (Or.App. 1990).

> Under ORS 742.013(1)(a), "attached to" or "indorsed
> upon" are alternative paths to the same statutory ends
> – i.e., an insurer can avoid coverage based on
> misrepresentations in an application if either is
> satisfied. Thus, just as the former permits such
> evidence in circumstances where the policyholder is
> 'provided with everything the insurer relies on in
> issuing the policy,' Ives, 101 Or.App. at 433, 790 P.2d
> 1206, the same is true of the latter.

Brock v. State Farm Mutual Automobile Ins. Co., 98 P.3d 759, 764 (Or.App. 2004).

There is no dispute that an application was not attached to the policy as the court stated when it orally denied defendant's motion for summary judgment. See Swaim Aff., Ex. 3. Citing to Brock, 98 P.3d at 764, plaintiff contends that it is not precluded from rescinding the policy because misrepresentations in the application are reproduced on (that is, "indorsed upon") the policy, notwithstanding that the application was not attached

4 - ORDER

to the policy.

Brock contains language that arguably supports plaintiff's position. "Under the second reading (which plaintiff espouses), the insurer could avoid coverage based on misrepresentations in the application if the material information was reproduced on the policy itself. [This construction] comports with the legislature's intent." Id. When cited for the proposition that an insurer can rescind a policy for misrepresentation when a misrepresentation from the application is indorsed upon the policy, but a copy of the application is neither indorsed upon nor attached to the policy, this language is dicta. The Brock court was not called upon to determine and did not determine what may constitute a "copy of the application." Rather, the court decided that an applicant's signature on an application not attached to a policy did not satisfy the requirement that "a copy of the application [be] indorsed upon . . . the insurance policy when issued."

Under the plain language of the statute, when a copy of the application is not attached to the policy, recovery is not prevented based upon misrepresentations in the application unless a copy of the application is indorsed upon the policy. Regardless of whether some information from the application was reproduced in the declarations portion of the policy, such as the words "HOTELS/MOTELS-NO-POOLS-LESS 4 STORIES," a copy of the

5 - ORDER

application was not indorsed upon the policy. If something less than a copy of the application could satisfy Or.Rev.Stat. § 742.013(1)(a), legislative intent to provide the insured with all information relied upon by the insurer would be frustrated. Because a copy of the application was not indorsed upon or attached to the policy, Section 742.013(1)(a) precludes plaintiff from rescinding the policy. Seidel, 970 P.2d at 258.

The court need not address the parties' dispute as to whether the words "Hotels/Motels-No-Pools-Less 4 Stories" are a misrepresentation.

II. Defendant's Counterclaim for Attorney Fees

Defendant claims entitlement to attorney fees under Or.Rev.Stat. § 742.061(a). The statute provides,

> if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

Plaintiff argues that defendant did not allege the basis for a fee award as required for recovery by ORCP 68, and that defendant has made no claim against plaintiff, so that no proof of loss has been filed. Defendant cured plaintiff's first objection by filing an amended answer and counterclaim pleading for attorney fees.

6 - ORDER

Defendant contends that its April 8, 2004, facsimile notice to plaintiff that a man was burned in the swimming pool constitutes a sufficient proof of loss, because it permitted plaintiff an adequate opportunity to investigate, prevent fraud and ascertain its rights and responsibilities. See Dockins v. State Farm Ins. Co., 985 P.2d 796 (Or. 1999). Had the injured person made a demand on defendant, the April 8, 2004, notice might have sufficed as a "proof of loss" within the meaning of Section 742.061(1). As it happened, the victim made no such demand. Further, where as here, the relief sought is declaratory, Section 742.061(1) does not apply. Cornell, Howland, Hayes and Merryfield, Inc. v. Continental Casualty Co., 465 F.2d 22, 25 (9th Cir. 1972) (citing to First Nat'l Bank v. Malady, 408 P.2d 724 (Or. 1965)).

## Conclusion

Based on the foregoing, defendant's motion for summary judgment [#66] is granted in part and denied in part. The complaint is dismissed. Defendant shall have judgment declaring that plaintiff did not lawfully or effectively rescind the

///

///

///

///

///

insurance policy. Defendant shall not have attorney fees. Counsel for defendant shall submit a form of judgment, approved as to form by counsel for plaintiff.

IT IS SO ORDERED.

DATED this 25th day of May, 2005.

　　　　　　　　　　　　　　　　　/s/ Michael R. Hogan
　　　　　　　　　　　　　　　　　United States District Judge