IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio corporation, | Civ. No. 04-6139-HO |
| Plaintiff, | Opinion |
| v. | |
| BREITENBUSH HOT SPRINGS & CONFERENCE CENTER, an Oregon corporation, | |
| Defendant. | |

Defendant insured moved for partial reconsideration of the order dated May 26, 2005, granting in part and denying in part its motion for summary judgment, and holding that defendant shall have judgment declaring that plaintiff insurer did not lawfully rescind the insurance policy issued to defendant, and that plaintiff shall not recover attorney fees. The court heard oral argument on August 9, 2005, and denied defendant's motion for reconsideration and amended motion for reconsideration from the bench. This opinion memorializes and explains the rulings.

Discussion

Plaintiff asserted a claim for rescission, and a claim under 28 U.S.C. § 2201 for a declaratory judgment that it lawfully rescinded the insurance policy. Defendant also cites 28 U.S.C. § 2201 as the basis for its amended counterclaim for declaratory relief. Defendant seeks declaratory relief and costs, including the cost of procuring replacement insurance, and attorney fees pursuant to Or.Rev.Stat. § 742.061(1). The court denied plaintiff's motion for summary judgment at the January 25, 2005 telephone hearing for plaintiff's lack of compliance with Or.Rev.Stat. § 742.013(1), and the existence of disputed issues of material fact and an incomplete record. (Tr. [#60] at 16). In the written order dated May 26, 2005, the court held that Section 742.013(1) precludes plaintiff from rescinding the policy based on defendant's alleged misrepresentations, and defendant was not entitled to attorney fees under Section 742.061(1),[1] because a man injured in defendant's swimming pool made no claim

---

[1]The statute provides,
if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

Or.Rev.Stat. § 742.061(1).

2 - ORDER

on defendant, and the statue does not apply where the relief sought is declaratory. Order dated May 26, 2005 at 6-7. Defendant argues that the court failed to address its prayer for costs incurred in obtaining replacement insurance coverage, and that it is entitled to attorney fees based on plaintiff's failure to settle a claim stemming from an accident on defendant's property that occurred shortly after the filing of the complaint in May, 2004, and for which defendant submitted a proof of loss to plaintiff in October, 2004. At oral argument, the court restated its view that defendant's claim for declaratory relief does not entitle it to costs incurred in obtaining replacement coverage, and that Section 742.061(1) does not apply to declaratory judgment proceedings.

Defendant's amended counterclaim alleges that as a consequence of plaintiff's purported rescission of the insurance policy, defendant was reasonably required to obtain duplicate insurance coverage. Plaintiff does not dispute that defendant obtained this coverage, but appears to dispute the assertion that duplicate coverage was reasonably required, and that it is liable for the cost of such coverage. Plaintiff points out that defendant rejected its attempted refund of premiums, and that defendant has maintained that the policy remained in effect at all times, as evidenced by defendant's submission of a claim to plaintiff several months after plaintiff filed this action for

rescission. On the present record, the court is not prepared to determine the reasonableness of defendant's self-help measures. One issue that has not been addressed, for example, is whether plaintiff's obligations under the policy continued until adjudication of its rescission claim. Further, nowhere in its counterclaim or other filings does defendant identify a legal theory or equitable doctrine for its claim that it is entitled to recover the cost of obtaining duplicate insurance. Perhaps defendant means to assert a damages claim for anticipatory repudiation or breach of contract, but the court would be remiss to so presume. Defendant has not established that it necessarily follows from the conclusion that plaintiff is not entitled to unilaterally rescind the policy that defendant is entitled to costs it incurred in obtaining duplicate coverage.

The court adheres to its prior ruling that defendant is not entitled to attorney fees based on plaintiff's failure to settle a claim related to the April, 2004, incident in which a man was burned by hot water in defendant's swimming pool. At oral argument, defense counsel seemed to concur in the soundness of this ruling. Defendant contends that in October, 2004, it furnished plaintiff with a sufficient proof of loss in connection with a subsequent incident, and that in all other respects, it satisfies the requirements for a recovery of attorney fees under Or.Rev.Stat. § 742.061(1). Defendant alleges in its counterclaim

that plaintiff refused to accept coverage for this claim based on its earlier purported rescission. Amend. Answer & Counterclaim, ¶¶ 22, 24. Defendant included these facts in its concise statement of material facts, but did not address the facts in its memoranda in support of its motion for summary judgment. The court therefore did not previously determine whether defendant is entitled to attorney fees based on plaintiff's failure to settle this claim.

As noted, defendant styles its counterclaim as a claim for declaratory relief, not as a claim for breach of contract, or otherwise. Defendant's requested monetary relief for the cost of replacement coverage (which the court denies, as discussed above), stems from what defendant's financial director characterizes as plaintiff's cancellation of the policy issued by plaintiff to defendant, and not from the denial of this claim. Laws Decl., ¶ 2. While defendant seeks "reasonable costs and expenses to the fullest extent permitted in law or equity," defendant specifies no amount that it seeks to recover related to plaintiff's denial of this claim. The court thus continues to view plaintiff's counterclaim as a claim for declaratory relief, and not as an action on an insurance policy.

## Conclusion

Based on the foregoing, defendant's motion for partial reconsideration [#99] and amended motion for partial

5 - ORDER

reconsideration [#104] are denied, as previously ordered.

DATED this 10th day of August, 2005.

_Michael R. Hogan_
United States District Court