IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY,<br>an Ohio corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>BREITENBUSH HOT SPRINGS &<br>CONFERENCE CENTER, an Oregon<br>corporation,<br><br>        Defendant. | Civ. No. 04-6139-HO<br><br>Order |

Plaintiff filed a motion for summary judgment against defendant's counterclaim for declaratory relief and costs, including the cost of replacement insurance and attorney fees. Defendant filed a motion for leave to file a second amended answer with counterclaims separating money damages allegations from declaratory relief allegations in order to "allow for a complete resolution of all issues between plaintiff and defendant." Def's Memo. at 2.

## Discussion

Plaintiff contends that all issues regarding defendant's

pending counterclaim have been resolved against defendant, plaintiff's motion for summary judgment is ripe, and judgment should be entered in favor of plaintiff on defendant's pending counterclaim.  Plaintiff argues that defendant has unduly delayed seeking leave to file a second amended answer with counterclaims, defendant's motive is dilatory, amendment would be futile, and plaintiff would be prejudiced by amendment.

In resolving defendant's motion for partial reconsideration of defendant's motion for summary judgment, the court observed that defendant did not establish entitlement to damages and costs on the counterclaim contained in the amended answer and counterclaim.  Opinion dated August 10, 2005 at 4-5.  The court wrote that it would be remiss to presume the basis for defendant's claim for entitlement to replacement insurance costs, which the court found did not necessarily flow from the declaration sought by defendant.  Id. at 4.  The court further noted that defendant's summary judgment memorandum did not address facts of a denied claim under the policy allegedly entitling it to attorney fees, and that defendant's claim for costs of replacement coverage do not stem from the denied claim.  Id. at 4-5.

Defendant's proposed second counterclaim for breach of contract, alleges, inter alia, that plaintiff's refusal to defend and indemnify defendant against a claim by Mercedes Gonzalez was

2 - ORDER

a breach of contract that required defendant to engage counsel, and that defendant is entitled to judgment for reasonable attorney's fees and costs pursuant to Or. Rev. Stat. § 742.061(a). Under the heading "Breach of Contract – Money Damages," defendant's proposed third counterclaim alleges that defendant, having been told by plaintiff that plaintiff was rescinding the policy of insurance, reasonably expended a reasonable sum to obtain replacement insurance, and that plaintiff has refused defendant's request for reimbursement.

The court does not find that defendant unduly delayed filing its motion for leave to file a second amended answer and counterclaims for the reasons stated at page 8 of defendant's reply memorandum (ECF/CM [#134]). It is true that defendant sought and received leave to file a first amended answer and counterclaim, and that the court subsequently determined that this document did not entitle defendant to monetary relief. An insufficient first amended answer and counterclaim does not equate to undue delay or dilatory motive, however.

Plaintiff does not demonstrate that defendant's proposed second counterclaim is futile on the basis that defendant cannot establish that plaintiff failed to settle the Gonzalez claim within six months of receiving a proof of loss, as required by Or. Rev. Stat. § 742.061. That is, the court cannot say that defendant's attorney's letter to plaintiff's counsel dated

October 29, 2004 and accompanying enclosure may not constitute a "proof of loss" within the meaning of Section 742.061.[1]

The proposed third counterclaim is futile as stated because it does not identify an act by plaintiff allegedly constituting a breach of contract, and does not otherwise allege a basis to recover amounts expended on replacement insurance. The court cannot say that there can be no basis for these money damages, however. The heading and content of the claim at least suggest that plaintiff may have meant to allege that plaintiff breached the insurance contract when it told defendant that it was rescinding the policy, as the court discussed at page 4 of the opinion dated August 10, 2005.

If leave to amend is granted, plaintiff will incur some amount of additional litigation expenses. To an extent, the additional expenses are attributable to defendant's failure thus far to plead its entitlement to monetary relief to the satisfaction of the court. The court is mindful, however, that it has already ruled that plaintiff improperly rescinded the insurance contract, and defendant may not have had claims against plaintiff had plaintiff not done so. The court finds any prejudice to defendant outweighed by the interest in adjudication

---

[1] "Any event or submission that would permit an insurer to estimate its obligations (taking into account the insurer's obligation to investigate and clarify uncertain claims) qualifies as a 'proof of loss' for purposes of the statute." Dockins v. State Farm Ins. Co., 985 P.2d 796, 801 (Or. 1999).

4 - ORDER

of the dispute between the parties on the merits.  Defendant's proposed second counterclaim states a claim, and it is not clear to the court that defendant cannot state a claim for the replacement damages sought in the proposed third counterclaim. The court therefore will permit defendant a final opportunity to state its counterclaims.  Defendant is advised that at present, its proposed third counterclaim fails to state a claim.

Conclusion

Based on the foregoing, defendant's motion for leave to file a second amended answer and counterclaims [#126] is granted; plaintiff's motion for summary judgment [#116] is denied as moot.

IT IS SO ORDERED.

DATED this   12th   day of May, 2006.

                                                                s/ Michael R. Hogan
                                                United States District Judge