```
                   IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF OREGON

JAMES RIVER INSURANCE COMPANY,          Civ. No. 04-6139-HO
an Ohio corporation,
                                        Order
            Plaintiff,

      v.

BREITENBUSH HOT SPRINGS &
CONFERENCE CENTER, an Oregon
corporation,

            Defendant.
```

Plaintiff insurer filed a motion to dismiss defendant insured's third counterclaim for failure to state a claim upon which relief may be granted. The third counterclaim adequately states a claim for breach of contract. Plaintiff's motion is therefore denied.

## Discussion

By this claim, defendant alleges, <u>inter</u> <u>alia</u>, that plaintiff breached the liability insurance policy by advising defendant that it considered the policy void and rescinded, requiring defendant to incur the cost of replacement insurance. Amended

Answer & Counterclaims [#145], ¶¶ 33-34.

Plaintiff contends that "[d]efendant should not be allowed to allege a 'breach' of contract simply by alleging a 'rescission,'" and, citing to the August 10, 2005 opinion filed in this case, "there is no causal connection between the alleged breach/rescission and basis of the money damages sought [by defendant]." Pl's Motion at 2-3. In its reply memorandum, plaintiff further argues that defendant opted to sue for specific performance, may not also sue for damages, and plaintiff's rescission of the policy breached no policy terms.

Defendant's claim for declaratory relief is not a claim for specific performance by another name. See Ken Leahy Constr., Inc. v. Cascade General, Inc., 994 P.2d 112, 114, 116 (Or. 1999) (distinguishing remedies). By characterizing plaintiff's announcement of rescission as a breach of contract, defendant adequately alleges that plaintiff repudiated or committed a total breach of the insurance policy. See Mohr v. Lear, 395 P.2d 117, 120 (Or. 1964); see also Bollenback v. Continental Cas. Co., 414 P.2d 802, 807, 811 (quoting Watson v. Massachusetts Mut. Life Ins. Co., 140 F.2d 673, 677 (D.C. Cir. 1943)). Determinations of whether rescission violated a policy term and whether the cost of

///


///

2 - ORDER

replacement coverage is the proper measure of damages must await development of the facts.

## Conclusion

Based on the foregoing, plaintiff's motion to dismiss defendant's third counterclaim [#146] is denied.

IT IS SO ORDERED.

DATED this __8th__ day of December, 2006.

                                           __s/ Michael R. Hogan__
                                           United States District Judge